```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

DARRYL LODGE                                CIVIL ACTION

VERSUS                                      NO: 11-1257

BISHOP KEVIN J. BOYD, SR., ET               SECTION: "J" (3)
AL.
```

### ORDER AND REASONS

Before the Court is Defendant Kevin J. Boyd's **Motion for a Limited Stay of Proceedings (Rec. Doc. 27)** and Plaintiff's **Opposition (Rec. Doc. 45)**, on supporting memoranda without oral argument. Defendant Boyd requests a protective order staying the proceedings for a period of 90 days from the date of filing of the motion, or until the completion of a criminal trial in the Criminal District Court for the Parish of Orleans. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that Defendant's Motion for Stay (Rec. Doc. 27) should be DENIED.

### PROCEDURAL HISTORY AND BACKGROUND FACTS

This case presents claims for damages arising from alleged

sexual molestation by Defendant Boyd and inflicted upon Plaintiff Darryl Lodge.  In October 2010, the Plaintiff filed a civil action in Mississippi state court against Boyd, alleging that Boyd established a confidential relationship with Plaintiff and used his position as a church pastor in Jackson, Mississippi to engage in a sexual relationship with Plaintiff.  Defendant alleges that a criminal complaint was also filed in Mississippi, containing essentially the same allegations made in the Mississippi civil lawsuit.

On May 26, 2011, Plaintiff filed the instant lawsuit. Defendant alleges that this lawsuit makes virtually identical allegations of conduct as those made in the Mississippi civil suit.  Defendant avers "upon information and belief," Rec. Doc. 27-1, at 2, that Plaintiff also filed a criminal complaint with the New Orleans Police Department ("NOPD"), making nearly identical allegations of conduct.  Thus Defendant alleges that the conduct that is the subject of the instant lawsuit is essentially the same as that alleged in the criminal complaints in Louisiana and Mississippi.  Defendant further states that in connection with the Mississippi civil suit, he was issued a deposition subpoena, and that Plaintiff's counsel asked Defendant's Mississippi counsel to permit an NOPD investigator to be present at the deposition.  The Mississippi attorney declined

that request.

Based on the request that an NOPD investigator be allowed to attend the civil deposition in Mississippi, Defendant avers that there is an "open, active and ongoing criminal investigation by the New Orleans Police Department against Bishop Boyd" and that Plaintiff is using civil discovery devices to assist in the criminal investigation.  Id.  This is alleged to jeopardize Boyd's Fifth Amendment right against self-incrimination. Therefore, Defendant has filed the instant motion for stay, to permit him to neither answer nor participate in civil discovery until the resolution of any criminal proceeding in Louisiana that is based on the conduct allegations that are common to both the instant lawsuit and any criminal proceeding in Louisiana.  The Court has granted Defendant's several motions for extensions of time to file responsive pleadings.  Defendant has neither answered nor filed any "Rule 12" motion.

## PARTIES' ARGUMENTS

Defendant asserts that he faces a dilemma:  either (1) assert his Fifth Amendment right in this lawsuit due to an alleged ongoing criminal investigation, which will forfeit his defense in this suit; or (2) defend in the present lawsuit, and forfeit his Fifth Amendment right to avoid self-incrimination as to the criminal proceeding.  He posits a stay of the instant suit

as the solution.  He argues that the facts of the instant civil suit and the criminal proceeding are identical:  the same actors, the same alleged actions, and the same time periods are at issue.  Even though no criminal indictment has issued, Defendant fully intends to preserve his right against self-incrimination.  He argues that Plaintiff will not be prejudiced by a stay because Defendant lives and works in this jurisdiction.  Because the states of Louisiana and/or Mississippi, with Plaintiff's assistance, are actively seeking an indictment, the present case should be stayed until the criminal investigation is concluded.

    Plaintiff's position is that Defendant is not entitled to a "blanket" Fifth Amendment privilege as to all aspects of civil discovery, especially where Defendant's assertion that there are criminal complaints is "vague, non-specific and unsubstantiated."  Rec. Doc. 45, at 2.  Plaintiff points out that Defendant has answered the complaint in the Mississippi civil action, and his suggestion that he should not be required to responsively plead in the instant action is inconsistent and disingenuous.  Most importantly, Defendant presents no reliable evidence of an actual "criminal proceeding" against him:  no case number and no proof of charge or arrest.  Mr. Boyd's counsel's affidavit stating that upon his information and belief there is a criminal investigation is improper because it is not based on the affiant's personal

knowledge.  Defendant's bare allegation that Plaintiff's Mississippi counsel requested the presence of an NOPD investigator at the civil deposition does not establish that a criminal proceeding is ongoing.  Finally, the Plaintiff's interests are weighty.  He alleges ostracization by the church at which Defendant is a bishop and other effects from the outstanding civil lawsuit.  Therefore, Plaintiff requests that the Court allow this civil action to proceed and address Fifth Amendment invocations by the Defendant as to specific inquiries.

## DISCUSSION

This Court has previously found that "[a] district court may stay a civil action pending the resolution of a related criminal proceeding under 'special circumstances.'"  LeBouef v. Global X-Ray, Civil Action No. 07-5755, 2008 WL 239752, at *2 (E.D. La. Jan. 29, 2008) (citing S.E.C. v. First Financial Group, 659 F.2d 660, 668 (5th Cir. 1981)).  Defendant proposes a cited five-factor test used in determining whether a civil case should be stayed pending the outcome of a criminal proceeding.  He asserts that the following factors are considered:

> 1) the extent to which the issues in the criminal and civil cases overlap; 2) the status of the case, including whether the defendant has been indicted; 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to the plaintiff caused by a delay; 4) the private interest of and burden on the defendant; 5) the interest of the court and the public interest.

Rec. Doc. 27-1, at 3 (citing to LeBouef, 2008 WL 239752).  The cited test proposed by the Plaintiff is essentially the same, sans the "interest of the court and the public interest" element.[1]

The Court recognizes the importance of the first factor. Where a civil and criminal proceeding are based on the same set of facts, to the extent a party provides information in the former, it can be used as highly probative and unfairly prejudicial information in the latter.  However, the parties dispute whether a "criminal proceeding" exists; thus there is necessarily a dispute as to whether there is a criminal case whose subject matter overlaps with the instant civil case.[2] Relatedly, because there is no competent evidence of a "criminal

---

[1] Plaintiff cites the test in Capdeboscq v. Francis, Civil Action No. 03-0556, 2003 WL 22174268, at *2 (E.D. La. Sept. 10, 2003).  The Court uses the Defendant's proposed test, which this Court used in LeBouef.  The Court notes that the LeBouef test only adds another useful factor to the Capdeboscq test, namely, the important interests of the public and the court.

[2] Plaintiff's affidavit states that he is "aware of no past or current 'criminal proceeding' arising from" his allegations of sexual abuse by Defendant.  Rec. Doc. 45-4, at 2.  Plaintiff also states that he reported the alleged sexual abuse to the authorities in Louisiana and Mississippi to "make a record" of Defendant's behavior so that the authorities "would be on alert" when other individuals make similar complaints against Defendant.  Id. Defendant's affidavit states that there is a criminal investigation being conducted by the Jackson, Mississippi Police Department and that there is a criminal complaint on file with the NOPD.  Rec. Doc. 27-2, at 1.  Also submitted is the affidavit of Defendant's attorney in the Mississippi civil matter, which states that there is or was a criminal investigation into Plaintiff's allegations against Defendant, and that, "based on information and belief," the NOPD is conducting an active criminal investigation.  Rec. Doc. 27-3, at 1.

proceeding" against Defendant, the second factor is ultimately dispositive in this case.  The "status of the case" is quite the subject of conjecture.  Defendant does not even assert that there has been an indictment, much less an arrest or similar interaction between law enforcement officials and Defendant.  Effectively, the sole basis for his motion is that his Mississippi lawyer received a request that an NOPD investigator be permitted to attend a deposition in the Mississippi civil case—a case in which Defendant *has* filed an answer.

In addition to the fact that it appears contradictory to answer in the Mississippi civil suit but then assert the right to a stay in the present suit, Defendant has presented the Court with highly conjectural allegations as to the status of any criminal proceeding against him.  He does present an affidavit in which he states that there is a criminal complaint on file with the NOPD and that there is a criminal investigation being conducted by the Jackson, Mississippi Police Department.  Rec. Doc. 27-2, at 1.  Even if these allegations are true, it does not necessarily follow that the possibility of criminal prosecution is substantial enough to warrant a stay of the entire civil proceeding.

As to the third factor, Plaintiff does have a somewhat heightened interest in proceeding with the case.  He alleges

ongoing reputational and financial injury due to his having brought this lawsuit, namely, that other church members have threatened and otherwise ostracized Plaintiff due to his allegations against Defendant, and Plaintiff alleges that he is unable to earn a living playing music at other churches due to negative response to his lawsuit. On the other hand, Plaintiff will suffer no known prejudice if a stay is granted. Indeed, as to the fourth factor, Defendant's responses in the civil proceeding could certainly be used against him in prosecutorial efforts, as is suggested by the NOPD's apparent interest in attending the deposition in the Mississippi civil case.

In addition to these factors that pit the Plaintiff's and Defendant's relative interests against each other, the fifth factor contemplates the court's and public's interest. This factor poses arguments both for and against a stay. Plaintiff has alleged that there are other male members of Defendant's church that have reported acts of sexual misconduct by Defendant to the church. The public has a general interest in bringing those adjudicated to be criminals to justice and in protecting the community from criminal activity. Also, the court has a general interest in efficiency, which could be served by a stay until any potential self-incrimination issues are mooted by the conclusion of a criminal investigation and/or prosecution.

However, weighing against a stay is the fact that there is no competent evidence of a criminal proceeding, and that the Court therefore has no means of determining when any extant criminal case would end.  See LeBouef, 2008 WL 239752, at *2.

The third, fourth, and fifth factors alone would lead to a stalemate.  It is the second factor that tips the scales in Plaintiff's favor.  The Court finds that in balancing the interests of both parties, a stay should not be granted.  There is no competent evidence before the Court as to the alleged ongoing criminal investigations.  Additionally, Defendant's attempt to avoid even responsive pleading lacks merit in light of his ability to make specific Fifth Amendment invocations during the course of the case.  Courts that have addressed "blanket" Fifth Amendment invocations have disfavored them due to their failure to identify specific questions that would ask for incriminating responses.  See Anglada v. Sprague, 822 F.2d 1035, 1037 (11th Cir. 1987); U.S. v. Melchor Moreno, 536 F.2d 1042, 1049 (5th Cir. 1976); U.S. v. Malnik, 489 F.2d 682, 685 (5th Cir. 1974).  Defendant is not forced to either waive his Fifth Amendment rights or forfeit the defense of this case.  The Court is able to rule on specific Fifth Amendment invocations during the course of responsive pleading and/or discovery.  If a criminal proceeding is more definitely demonstrated, e.g.,

Defendant is indicted, the Court may need to reevaluate whether a stay is appropriate.

Defendant has requested a stay either until the completion of a criminal trial, or for 90 days from the date of filing of the motion to stay. As previously discussed, there is sheer evidence of a "criminal proceeding," so Defendant clearly is not entitled to a stay until a potential trial is completed. Moreover, this Court found in a similar case that a stay of 90 days was not warranted where there was no guarantee that during that time period there would be any developments in the criminal case. LeBouef, 2008 WL 239752, at *2. The Court holds that a stay should not be granted under the current facts and procedural posture of this case.[3]

For the foregoing reasons, **IT IS ORDERED** that **Defendant's Motion for Stay (Rec. Doc. 27)** be and is hereby **DENIED**.

---

[3] Likewise, the Court finds clearly distinguishable the case of Wehling v. Columbia Broadcasting System, 608 F.2d 1084 (5th Cir. 1979), cited by Defendant. In Wehling, the Fifth Circuit reversed the trial court's dismissal with prejudice of the plaintiff's suit where the plaintiff had refused to answer discovery. Id. at 1086. There were specific discovery requests to which the Fifth Amendment was invoked, and the plaintiff had made five appearances before a grand jury. Id.

Case 2:11-cv-01257-CJB-DEK   Document 50   Filed 10/06/11   Page 11 of 11

New Orleans, Louisiana, this the 6th day of October, 2011.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE