UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


 DARRYL LODGE                                CIVIL ACTION

 VERSUS                                      NO: 11-1257

 DOE, ET AL.                                 SECTION: "J" (3)

                         **ORDER AND REASONS**

     Before the Court are Defendant Bishop Kevin J. Boyd, Sr. ("Bishop Boyd")'s **Renewed Motion to Stay Proceedings (Rec. Doc. 77)**, and **Motion to Extend Deadlines (Rec. Doc. 83)**, Defendant The Apostolic Church at New Orleans ("the Church")'s memorandum in support of the motion to stay **(Rec. Doc. 80)**, Plaintiff Darryl Lodge ("Mr. Lodge")'s oppositions to the motion to stay and the motion to extend deadlines **(Rec. Docs. 89, 88,** respectively**)**, and Defendants Bishop Boyd and the Church's replies thereto **(Rec. Doc. 100, 102,** respectively**)**. Defendant's Renewed Motion to Stay Proceedings is set for hearing on August 1, 2012, on the briefs without oral argument. Defendant's Motion to Extend Deadlines is set for expedited hearing on the briefs. Having considered the motion and legal memoranda, the record, and the applicable law,

                                1

the Court finds that Defendant's Renewed Motion to Stay Proceedings **(Rec. Doc. 77)** should be **DENIED**, and Defendant's Motion to Extend Deadlines **(Rec. Doc. 83)** should be **DENIED AS MOOT**.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

This case arises from alleged sexual molestation inflicted upon Plaintiff Mr. Lodge by Defendant Bishop Boyd. On May 26, 2011, Plaintiff filed the instant lawsuit, seeking damages arising from the alleged abuse. On September 7, 2011, Bishop Boyd filed a motion with this Court requesting that the Court stay the proceedings (Rec. Doc. 27). Bishop Boyd asserted that there was "an open and active criminal investigation" and a potential criminal prosecution against him, requesting relief on those grounds. (Rec. Doc. 27-1, pp. 2-3) On October 6, 2011, this Court denied Defendant's motion. (Rec. Doc. 50) In denying the motion, the Court applied a five factor test to evaluate the propriety of staying the action. The Court evaluated:

> 1) the extent to which the issues in the criminal and civil cases overlap;
>
> 2) the status of the case, including whether the defendant has been indicted;
>
> 3) the plaintiff's interest in proceeding expeditiously

>
> weighed against the prejudice to the plaintiff caused by a delay;
>
> 4) the private interest of and burden on the defendant;
>
> 5) the interest of the court and the public interest.

(Rec. Doc. 50, p. 5).

The Court determined that as to factor one, there was a significant overlap between both the civil and criminal proceedings. Additionally, it found that as to factors three, four, and five the interests were equally balanced between the Plaintiff and the Defendant, effectively producing a stalemate. Therefore, the Court determined that its decision hinged upon factor two and the ultimate status of the criminal proceedings. Ultimately, the Court found that factor two weighed in favor of denying a stay, because the Defendant had not produced any evidence which demonstrated that an actual criminal case was pending against him. Specifically, Bishop Boyd had only produced evidence that showed that the Plaintiff had filed criminal complaints against him in New Orleans and Mississippi, and that a New Orleans Police Officer had requested to sit in on a deposition in a Mississippi case filed by Mr. Lodge against Bishop Boyd. Defendant had produced no evidence of arrest, indictment, or criminal charges. The Court found that the

information presented was not sufficient to stay the civil proceedings, and it determined that any concerns about self-incrimination could be addressed through individual invocations of Bishop Boyd's Fifth Amendment rights during the discovery proceedings. In its order, the Court noted that if "a criminal proceeding is more definitely demonstrated, e.g. Defendant is indicted, the Court may need to reevaluate whether a stay is appropriate." (Rec. Doc. 50, pp. 9-10) The Defendant filed his Renewed Motion to Stay Proceedings on July 13, 2012. (Rec. Doc. 77) Subsequently, on July 24, 2012, the Defendant filed a Motion to Extend Deadlines (Rec. Doc. 83), requesting that the cut-off deadline for the hearing date of dispositive motions be extended two weeks, while the Court determines whether the proceeding should be stayed.

## THE PARTIES' ARGUMENTS

In his current motion, Bishop Boyd asks the Court to reconsider its prior decision based upon the production of new evidence, demonstrating that there is an ongoing criminal investigation and imminent prosecution of him in Orleans Parish. The new evidence that Bishop Boyd cites is the July 10, 2012, deposition testimony of Danathan Burnett ("Mr. Burnett"), a former member of Bishop Boyd's church. Bishop Boyd asserts that

4

Mr. Burnett's testimony confirms the existence of an ongoing criminal investigation. Specifically, Bishop Boyd notes Mr. Burnett's testimony that over one year before the deposition, he was interviewed by a detective from the New Orleans Police Department about Bishop Boyd's alleged sexual misconduct. Additionally, Bishop Boyd cites to Mr. Burnett's statement that approximately two weeks prior to the deposition he also interviewed with an Assistant District Attorney at the District Attorney's Office of Orleans Parish ("D.A.'s Office") in relation to Bishop Boyd's alleged sexual misconduct. Bishop Boyd also references as evidence Mr. Burnett's statement that the same Assistant District Attorney called him after the interview to ask him questions about board members at Bishop Boyd's church, and an individual named "Graham." Bishop Boyd notes that since Mr. Burnett's deposition, his own counsel has also been made aware of several other individuals who have been contacted by the D.A.'s Office regarding his alleged sexual misconduct. In his reply memorandum, Bishop Boyd also references the deposition of Pastor Lionel Traylor ("Pastor Traylor") and the deposition of the Plaintiff as evidence of an imminent criminal proceeding. Bishop Boyd asserts that Pastor Traylor testified to being contacted by the D.A.'s Office within the last month. He also cites as

evidence Mr. Lodge's testimony that the D.A.'s Office had called him a month prior to his deposition, and informed him that they would be asking him to testify in front of a grand jury "some time soon." Defendant asserts that this information definitively establishes that there "is a current, active, and on-going criminal investigation" and, therefore, that this proceeding should be stayed so that he can preserve his Fifth Amendment rights.

In response, Plaintiff argues that Mr. Burnett's deposition testimony is not sufficient to warrant a reconsideration of the Court's prior opinion. Specifically, the Plaintiff asserts that the deposition testimony presented is not testimony of anyone associated with the New Orleans Police Department or the D.A.'s Office. Plaintiff argues that even where the testimony of Mr. Burnett is true, it does not demonstrate that Bishop Boyd has been indicted on criminal charges arising out of sexual contact with Mr. Lodge or any other minor. Additionally, Plaintiff contends that the testimony does not demonstrate that there is an actual "criminal proceeding" against Bishop Boyd where Bishop Boyd cannot produce evidence of a case number, proof of charge, or an arrest. Lastly, Plaintiff argues that Bishop Boyd's Fifth Amendment rights are not prejudiced, because Bishop Boyd has not

chosen to invoke his rights in the civil discovery proceedings before this Court. In particular, the Plaintiff argues that Bishop Boyd has answered interrogatories, signed requests for production, and participated in a deposition all without asserting his Fifth Amendment right against self incrimination. Therefore, the Plaintiff contends that Bishop Boyd has waived his right to invoke the Fifth Amendment.

## DISCUSSION

 Defendant's Renewed Motion to Stay Proceedings (Rec. Doc. 77) requests that the Court reconsider its prior decision. The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. Bass v. U.S. Dep't of Agric., 211 F.3d 959, 962 (5th Cir. 2000). The United States Fifth Circuit Court of Appeals treats a motion for reconsideration challenging a prior judgment as either a motion "to alter or amend" under Federal Rule of Civil Procedure 59(e) or a motion for "relief from judgment" under Federal Rule of Civil Procedure 60(b). Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1076 (5th Cir. 1994).  The difference in treatment is based on timing.  If the motion is filed within twenty-eight days of the judgment, then it falls

under Rule 59(e). <u>Id.</u>; Fed. R. Civ. P. 59(e). However, if the motion is filed more than twenty-eight days after the judgment, but not more than one year after the entry of judgment, it is governed by Rule 60(b). <u>Id.</u>; Fed. R. Civ. P. 60(c). In the present case, Defendant's Renewed Motion to Stay Proceedings (Rec. Doc. 77) was filed on July 13, 2012, which is more than 28 days after the October 6, 2011 Order denying the Defendant's first motion to stay the proceedings. As a result, Defendant's Renewed Motion (Rec. Doc. 77) is considered under the more stringent Rule 60(b) standard.

Rule 60(b) provides that a court may reconsider an order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on a prior judgment that has been reversed or vacated, or it is no longer equitable for the judgment to have prospective application; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). A district court has considerable discretion to grant or deny relief under Rule 60(b),

and its decision will be reversed only for an abuse of discretion. Hesling v. CSX Transp., Inc., 396 F.3d 632, 638 (5th Cir. 2005). A district court abuses its discretion only if it bases its decision on an erroneous view of the law or clearly erroneous assessment of the evidence. Id.

In this case, the Court chooses not to exercise its discretion to grant Defendant's Renewed Motion to Stay Proceedings (Rec. Doc. 77). The Court finds that the newly discovered evidence presented by Defendant is not sufficient to demonstrate to this Court that an actual "criminal proceeding" or prosecution is imminent. In particular, the Court notes that "where there has been no indictment, the status of the criminal case weighs heavily against granting a stay." LeBouef v. Global X-Ray, No. 07-5755, 2008 WL 239742, *2 (E.D. La. Jan. 29, 2008) (citations omitted). Here, Defendant's new evidence does not demonstrate he has been indicted, charged, or even arrested, all facts which would indicate that a criminal proceeding has begun and that prosecution is imminent. Moreover, Defendant has fully participated in the discovery process of the civil proceeding without asserting his Fifth Amendment right. As that process is scheduled to be completed on August 6, 2012, the Court finds that the Defendant has not been prejudiced, and will not be prejudiced

by further continuation of the proceedings as scheduled.

Accordingly, **IT IS ORDERED** that Defendant's **Renewed Motion to Stay Proceedings (Rec. Doc. 77)** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's **Motion to Extend Deadlines (Rec. Doc. 83)** is **DENIED AS MOOT**.

New Orleans, Louisiana this 1st day of August, 2012.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE